IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL LEE BROWN, Inmate #B-59558,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 10-cv-1030-MJR ) ) |
| **IDOC,** *et al.*, | ) ) ) |
| Defendants. | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 7) of the Court's Memorandum and Order denying Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 6).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., GHSC Assocs. Ltd. P'ship v. Wal-mart Stores, Inc.*, 29 F. App'x 382, 384 (7th Cir. 2002); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order; where they are not filed within 28 days, motions fall under Rule 60(b).

The Order denying Plaintiff's motion to proceed IFP was entered in this action on February 9, 2011 and the instant motion was filed on February 23, 2011, within 28 days of the

order. Therefore, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  FED. R. CIV. P. 59(e).

As was discussed in the Court's February 9, 2011 order, at least three previous lawsuits brought by Plaintiff while incarcerated seeking redress from governmental officers and employees have been dismissed pursuant to 28 U.S.C. § 1915A as frivolous, malicious, or failing to state a claim upon which relief may be granted. Thus, pursuant to 28 U.S.C. § 1915(g) Plaintiff cannot proceed IFP in federal court unless he is under imminent danger of serious physical injury. As was also discussed in the Court's February 9, 2011 order, the record of this case discloses no evidence that Plaintiff is under imminent danger so as to permit him to proceed IFP in this case.

In the instant motion and supplement to motion (Doc. 8), Plaintiff seeks reconsideration of the Court's denial of leave to proceed IFP, asserting that the Court has misinterpreted the law. Upon review of the record, the Court remains persuaded that its ruling denying Plaintiff's motion to proceed IFP is correct.  Therefore, the instant motion (Doc. 7) is **DENIED**.

Additionally, in the February 9, 2011 order, this Court ordered Plaintiff to pay the $350 filing fee in full by March 1, 2011 should he wish to proceed.  This date has since passed, and Plaintiff has not tendered the filing fee in full to this Court.  As a result, **IT IS HEREBY ORDERED AND ADJUDGED** that this action is **DISMISSED** without prejudice for failure to comply with an order of this Court.. **Fed.R.Civ.P.** 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).  The Clerk is

**DIRECTED** to close this case.

**IT IS SO ORDERED.**

**Dated: 3/8/2011**

**s/ Michael J. Reagan**

**U. S. District Judge**